**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL ISHMAEL GRESHAM,

Plaintiff,

v.

GRETCHEN WHITMER, *et al.*,

Defendants,
______________________________/

Case No. 2:26-cv-13079
Hon. Brandy R. McMillion

**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND SUMMARILY DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff Michael Ishmael Gresham's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Gresham is currently a Michigan inmate at the Richard A. Handlon Correctional Facility.[1] Gresham's complaint makes claims of wrongful imprisonment and retaliation occurring at the Gus Harrison Correctional Facility and the Saginaw Correctional Facility. ECF No. 1. Upon review of the complaint and Gresham's litigation history, the Court concludes that the case must be dismissed without prejudice under the three strikes provision of 28 U.S.C. § 1915(g).

**I.**

[1] Gresham failed to update his address with the Court. *See* https://mdocweb.state.mi.us/OTIS2/Profile (last visited Oct. 5, 2026).

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1) (as amended); *see also In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *Samarripa v. Ormond,* 917 F.3d 515, 518 (6th Cir. 2019).

Under the PLRA, however, a federal court must deny a prisoner *in forma pauperis* status and dismiss a case if on three or more occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g); *Taylor v. Stevens*, 146 F.4th 480, 482 (6th Cir. 2025). The three strikes provision allows *in forma pauperis* status despite three or more strikes if the plaintiff sufficiently asserts that he is in imminent danger of serious physical injury. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

## II.

On August 28, 2026, Gresham filed an application to proceed without prepayment of the filing fee. ECF No. 6. Gresham has been a very active litigant in the federal courts. At least three of Gresham's prior lawsuits have been dismissed for being frivolous, malicious, and/or failing to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv-239 (W.D. Mich. July 25, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008).

Gresham has also been denied leave to proceed *in forma pauperis* under the three-strikes rule countless times. *See Gresham v. Onwere*, No. 1:25-cv-928 (W.D. Mich. Aug. 25, 2025); *Gresham v. Hemmer*, No. 1:23-cv-1110 (W.D. Mich. Oct. 25, 2023); *Gresham v. Beauvais*, No. 1:23-cv-600 (W.D. Mich. June 15, 2023); *Gresham v. Crompton*, No. 1:22-cv-1048 (W.D. Mich. Feb. 8, 2023); *Gresham v. Akins*, No. 1:22-cv-1016 (W.D. Mich. Feb. 23, 2023); *Gresham v. Akins*, No. 1:22-cv-1015 (W.D. Mich. Feb. 1, 2023); *Gresham v. Grahn*, No. 1:21-cv-214, 2021 WL 972811 (W.D. Mich. Mar. 16, 2021); *Gresham v. Gauderer*, No. 1:19-cv-802 (W.D.

Mich. Nov. 15, 2019); *Gresham v. Falk*, No. 2:19-cv-161 (W.D. Mich. Oct. 10, 2019); *Gresham v. Meden*, No. 2:18-cv-8 (W.D. Mich. June 7, 2018); *Gresham v. Miniard*, No. 1:16-cv-427 (W.D. Mich. June 7, 2016); *Gresham v. Christiansen*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016); *Gresham v. Austin*, 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham v. Jenkins*, No. 2:15-cv-11640, 2015 WL 3403942 (E.D. Mich. May 26, 2015); *Gresham v. Yunker*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham v. Napel*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Romanowsky*, No. 2:12-cv-15489 (E.D. Mich. May 10, 2013); *Gresham v. Johnson*, No. 2:13-cv-10351, 2013 WL 1703897 (E.D. Mich. April 19, 2013); *Gresham v. Romanowski*, No. 2:12-cv-14881 (E.D. Mich. January 7, 2013); *Gresham v. Prelesnik*, No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop*, No. 1:12-cv-494, 2012 WL 2317558 (W.D. Mich. June 18, 2012); *Gresham v. Heyns*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder*, No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler*, No. 2:12-cv-12 (W.D. Mich. Apr. 20, 2012); *Gresham v. Snyder*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler*, No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. Violetta*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. LaChance*, No.

2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis v. Canlis*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

**III.**

Section 1915(g) provides an exception to the three-strikes rule if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy this exception, a plaintiff must allege "facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Vandiver,* 727 F.3d at 585 (alteration in original) (quoting *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012). The threat or prison conditions must be real and proximate, and the danger of serious physical injury must exist at the time the complaint is filed. *Id.*

Additionally, the type of physical injury alleged must have "potentially dangerous consequences such as death or severe bodily harm" to qualify as sufficiently "serious" under § 1915(g). *Gresham*, 938 F.3d at 850 (6th Cir. 2019). District courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory, ridiculous, or clearly baseless. *Rittner*, 290 F. App'x at 797.

Gresham filed a letter along with his IFP application claiming that he was in imminent danger at the Gus Harrison Correctional Facility because an MDOC

psychiatrist ordered that he be involuntarily administered Haldon and Prolixin, two antipsychotic medications. He asserts these medications caused severe side effects, including chest pains, feelings of suffocation, difficult breathing, pain in his arms, legs, chest, and back, paralysis, vomiting blood, and seizures. ECF No. 5, PageID.117.

This is not the first time Gresham has made allegations about alleged side effects of his antipsychotic medications in an attempt to circumvent the three-strike rule. Gresham has been asserting that his antipsychotic medications will cause him serious bodily harm or death for well over a decade. *See, e.g Gresham v. Yunker*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013), *Gresham v. Snyder,* No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012).

In a published opinion stemming from Gresham's appeal of another three-strike dismissal, the Sixth Circuit found that side effects of antipsychotic medications are "simply are not the kinds of injuries that can lead to impending death or other severe bodily harms and, no less importantly, Gresham has not remotely alleged how his complaints could lead to such harms while he is under medical supervision." *Gresham* 938 F.3d at 850. This Court, informed by its judicial experience and common sense, finds the same here. *See Vandiver,* 727 F.3d at 585; *Rittner*, 290 F. App'x at 797. In view of Gresham's decades-long false complaints that the antipsychotic medications will cause him serious bodily harm or death and

a failure to show a proximate or actual threat, the Court finds that his claim of imminent danger is baseless.

## IV.

Because Gresham's allegations fail to show that there is any imminent danger of death or serious physical injury that is contemporaneous with the filing of this complaint, his complaint does not qualify for the exception to the three-strikes rule. His civil rights complaint is therefore subject to dismissal pursuant to § 1915(g).

Finally, since Gresham has had numerous prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, § 1915(g) likewise bars him from appealing *in forma pauperis*. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore certifies that any appeal from this dismissal would not be taken in good faith.

## V.

**IT IS HEREBY ORDERED** that Gresham is **DENIED** *in forma pauperis* status, and the complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

***This is a Final Order that closes the case.***

**IT IS SO ORDERED.**

Dated: October 5, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge